**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRIGHT LLC,

      Plaintiff,

      v.                                                    Case No. 16-CV-02500-JAR

BEST WESTERN INTERNATIONAL, INC.,

      Defendant.

## MEMORANDUM & ORDER

Plaintiff Bright LLC ("Bright") filed this action alleging breach of contract, breach of

implied covenant of good faith and fair dealing, unjust enrichment, and declaratory judgment

arising from Defendant Best Western International, Inc.'s ("Best Western") actions relating to

the development of a Best Western Plus Hotel in Lenexa, Kansas.  This matter is before the

Court on Defendant's Motion to Dismiss the Complaint or, in the Alternative, to Transfer Venue

to the District of Arizona (Doc. 11).  The motion is fully briefed, and the Court is prepared to

rule.  For the reasoning articulated below, the Court grants Defendant's motion.

## I.       Background

The following facts are taken from the evidence attached to the parties' briefing and the

Complaint.  On March 12, 2013, Plaintiff applied for a Best Western membership for a proposed

Best Western Plus Extended Stay that would have been called the Best Western Plus Lenexa

Hotel.  The Best Western Plus Lenexa Hotel was going to be converted from a hotel Plaintiff

owned called the Suburban Extended Stay Hotel.  Plaintiff submitted a Membership Application[1]

that was "conditionally approved" on May 28, 2013.  Defendant instructed that by June 12, 2013,

---

[1] Doc. 11-1.

Plaintiff must sign and return originals of the Membership Agreement[2] and the Terms of Approval[3] to continue with the process toward membership.  On June 20, 2013, Plaintiff executed the Terms of Approval and the Membership Agreement.  Pursuant to the Terms of Approval, Plaintiff had twelve months, up to June 12, 2014, to open and operate the hotel under Defendant's brand.  The Terms of Approval provided that if more than twelve months were needed, then extensions could be granted if requested.  After several extensions, on December 15, 2015, Defendant denied Plaintiff's request for an extension, and as a result, Plaintiff's Membership Application was considered withdrawn and conditional approval terminated. Plaintiff brought this action in this Court on July 12, 2016 alleging Defendant should not have terminated the conditional approval.

The Terms of Approval set forth the conditions for conversion of the hotel to a Best Western brand hotel, which included purchasing a specific reservation system, purchasing certain furniture, fixtures, and equipment, and completing significant structural changes.  The Terms of Approval stated that "any failure to comply with these Terms of Approval may result in cancellation of the application and the Membership Agreement."[4]  Further, it stated that "[e]ach is responsible, jointly and severally, for all obligations to Best Western arising under the Membership Application, the Membership Agreement, these Terms of Approval, and/or relating to the affiliation of the above-referenced property with Best Western."[5]

The Membership Agreement became effective on the day of its execution, but membership rights provided through the Membership Agreement did not exist until activation on

---

[2] Doc. 11-3.

[3] Doc. 11-2.

[4] Doc. 11-2 ¶ 4.

[5] *Id.* ¶ 14.

the Best Western reservation system.  The Membership Agreement states that it and the Terms of

Approval are to "embody the entire agreement between the parties."  The Membership

Agreement contains a paragraph named "Application of Law and Choice of Form," which states:

> This Agreement shall be governed and construed according to the laws of the
> State of Arizona, unless any obligation under this Agreement shall be invalid or
> unenforceable under such laws, in which event the laws of the jurisdiction whose
> law can apply to and validate the obligations under this Agreement shall apply.
> This Agreement shall be deemed executed in Phoenix, Arizona.  Member
> acknowledges that Best Western is headquarter in Phoenix, Arizona, that the
> majority of Best Western's records and employees are in Phoenix, Arizona, and
> that Phoenix, Arizona is the most convenient forum for actions between Best
> Western and Member.
>
> UNLESS WAIVED BY BEST WESTERN IN WHOLE OR IN PART, THE
> COURT LOCATED IN THE STATE OF ARIZONA, STATE OR FEDERAL,
> SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE
> ALL CLAIMS, DISPUTES AND ACTIONS ARISING FROM OR RELATED
> TO THE APPLICATION PROCESS, THIS AGREEMENT, TERMINATION
> OF THIS AGREEMENT OR TO ANY RELATIONSHIP BETWEEN THE
> PARTIES HERETO.  VENUE SHALL BE IN THE COURTS LOCATED IN
> MARICOPA COUNTY, ARIZONA.  APPLICANT EXPRESSLY CONSENTS
> TO AND SUBMITS TO THE JURISDICTION OF SAID COURTS AND TO
> VENUE BEING IN MARICOPA COUNTY, ARIZONA.[6]

## II.    Discussion

Defendant argues that the mandatory forum selection clause providing for exclusive

jurisdiction in the state of Arizona must be enforced.  In its brief, Defendant cites 28 U.S.C. §

1404(a), the doctrine of *forum non conveniens*, and Fed. R. Civ. P. 12(b)(3) as grounds for its

motion for dismissal or in the alternative, transfer.  The Supreme Court has made clear, however,

that a mandatory forum selection clause is properly enforced by a motion to transfer pursuant to

28 U.S.C. § 1404(a)[7] or, in the case of a clause pointing to a state or foreign forum, by a motion

---

[6] Doc. 11-3 ¶ Q.

[7] 28 U.S.C. § 1404(a) requires that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

to dismiss based on the doctrine of *forum non conveniens*.[8]  Here, the forum selection clause provides that the forum is "the court located in the state of Arizona, state or federal."  Therefore, because the forum selection clause allows for a federal forum, the proper mechanism is 28 U.S.C. § 1404(a), not *forum non conveniens*.

While Defendant argues that dismissal, not transfer is proper, 28 U.S.C. § 1404(a) states that a district court may "transfer," not dismiss, any action to any other district.  Defendant has not cited case law under 28 U.S.C. § 1404(a), not *forum non conveniens*, where the court dismissed instead of transferred.[9]  *Forum non conveniens* is different than 28 U.S.C. § 1404(a) because *forum non conveniens* is used in the case of a state or foreign forum, not within the federal system.  In 28 U.S.C. § 1404(a), Congress replaced the traditional remedy of outright dismissal with transfer.[10]  Thus, the Court further finds that under 28 U.S.C. § 1404(a), this case should not be dismissed, but should be transferred to the United States District Court for the District of Arizona.

As a threshold matter, Plaintiff does not contest that this was a valid forum-selection clause.[11]  Applying the § 1404(a) doctrine to the allegations in this case, the Court must remember that "when the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.  Only under

---

[8] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013) (concluding that "[Section] 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause and that § 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms.").

[9] *Pappas v. Kerzner Int'l Bahamas Ltd.*, 585 F. App'x 962, 967 (11th Cir. 2014) (dismissing the complaint based on a forum selection clause under the doctrine of *forum non conveniens*); *Aviation One of Fla., Inc. v. Clyde & Co., LLP*, No. 13-1243, 2016 WL 4494459, (M.D. Fla. Aug. 26, 2016) (dismissing Plaintiff's complaint pursuant to the doctrine of *forum non conveniens* where the contract had a forum-selection clause designating England as forum).

[10] *Atl. Marine Constr. Co.*, 134 S. Ct. at 580 (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)).

[11] *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9–10 (1972) (holding that forum-selection clauses are prima facie valid).

extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."[12]  Plaintiff, as the party opposing the forum selection clause, bears the burden of establishing that the clause should be ignored.[13]  Plaintiff's arguments against transfer should not be about the parties' private interest, but instead should address the public-interest factors.[14] Plaintiff's burden is to show that the "public-interest factors overwhelmingly disfavor a transfer."[15]

Plaintiff makes two arguments for not enforcing the forum selection clause: (1) the only contract at issue (the Terms of Approval) does not contain a forum selection clause; (2) even if the forum selection clause is applicable to the Terms of Approval, the Court must consider the factors determining whether to transfer and Defendant has not met its burden.  For the reasons discussed more fully below, the Court rejects both arguments.

The Court finds that although the forum selection clause is in the Membership Agreement, it is applicable to disputes involving the Terms of Approval.  The Terms of Approval and the Membership Agreement are meant to be viewed as the complete agreement. This is evidenced by the fact that the Terms of Approval and the Membership Agreement only became effective when both were executed; Plaintiff executed both on the same day;[16] the Membership Agreement cancelled if Plaintiff did not comply with the Terms of Approval; and the Membership Agreement contains a provision stating that it and the Terms of Approval

---

[12] *Id.* at 581.

[13] *Id.* at 581–82.

[14] *Id.* at 582 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.").

[15] *Id.* at 583.

[16] *Marwell Corp. v. Marwell Corp.*, No. 15-205, 2015 WL 4393289, at *4 (D. Utah July 14, 2015) (noting that agreements that are executed *substantially contemporaneously* and are clearly interrelated must be construed as a whole and harmonized).

"embody the entire agreement between the parties."  The Court rejects Plaintiffs argument that because the Terms of Approval do not contain a forum selection clause, Defendant intended for the forum selection clause in the Membership Agreement to not apply to the Terms of Approval.[17]  As Defendant correctly cites, courts have enforced forum selection clauses in contracts not directly at issue but interrelated to the contract in the complaint.[18]  These two agreements are interrelated and refer to the other throughout, so the Court concludes that these agreements must be read together including the forum selection clause.

The plain language of the forum selection clause in the Membership Agreement also is broad enough to encompass disputes relating to the Terms of Approval.  The language states that it applies to "all claims, disputes and actions arising from or related to the application process, this agreement, termination of this agreement or to any relationship between the parties hereto."  In this case, Plaintiff's Complaint alleges breach of the Terms of Approval, which is part of the application process.  This would surely fall within the language assigning the forum selection clause to disputes arising from the application process.  Further, it would fall within the language in the forum selection clause stating that it covers "any relationship between the parties hereto."

---

[17] Plaintiff argues law that the negative-implication canon of statutory construction requires that this Court deem the forum selection clause in the Membership Agreement inapplicable because it was expressly left out of the Terms of Approval.  However, the Court rejects this argument because, as the Tenth Circuit has explained, the negative-implication canon must be applied with "great caution" because its application depends so much on context.  *United States v. Porter*, 745 F.3d 1035, 1046 (10th Cir. 2014).  The Court finds, when viewed in context, the Membership Agreement and the Terms of Approval are interrelated and meant to be read together as the entirety of the agreement between the parties.

[18] *See, e.g.*, *Michels Corp. v. Resitech Indus., LLC*, No. 15-0535, 2016 WL 614696, at *7 (E.D. Wis. Feb. 16, 2016) (holding that the forum selection clause applied to "any action concerning" the original purchase agreement and was enforceable against claims arising out of subsequent transactions that did not have a forum selection clause); *Marwell Corp.*, 2015 WL 4393289, at *4 ("Plaintiffs cannot bring claims under the Asset Purchase Agreement and Promissory Note while ignoring the Security Agreement –a contemporaneous, interrelated agreement that is to be read and harmonized with the others, as one contract.  The forum-selection clause in the Security Agreement applies to disputes arising out of the Asset Purchase Agreement and the Promissory Note."); *Cemex Constr. v. LRA Naples, LLC*, 779 S.E. 2d 444, 444–46 (Ga. Ct. App. 2015) (holding that forum selection clause applying to "any action concerning" the contract governed even though case concerned "multiple, interrelated contracts" and some contracts did not contain forum selection clause).

It is clear to the Court that the forum selection clause was intended to apply to both applicants and members.  Thus, even assuming that the Terms of Approval is the only contract at issue in this case, the Court finds that the forum selection clause in the Membership Agreement governs disputes about the Terms of the Approval.

Additionally, the Court finds that the Membership Agreement and the Terms of Approval are both at issue in the claims alleged in the Complaint.  Plaintiff makes the argument that the Membership Agreement is not applicable to this dispute because it never reached the membership stage.  However, a plain reading of the Membership Agreement shows that this is not correct.  The Membership Agreement clearly states that it is effective as of the date of execution, which in this case was June 20, 2013.[19]  The Membership Agreement and the Terms of Approval only became effective when the originals of both it and the Terms of Approval were received.  In fact, the forum-selection clause itself states that "*applicant* expressly consents to and submits to the jurisdiction of said courts and to venue being in Maricopa County, Arizona,"[20] which indicates that the clause was intended to apply to members and applicants.  While the Membership Agreement is not identified in the Complaint, termination of the Membership Agreement and withdrawal of the Membership Application are clearly at issue.  In fact, Count VI of the Complaint seeking declaratory judgment requests that the Court declare that Plaintiff is entitled to reinstatement of the Terms of Approval and the Membership Application.  This necessarily implies that the Membership Agreement also be reinstated.  The Court finds that the

---

[19] Doc. 11-3 ¶ B1.  The Court recognizes that the initial term of the Membership Agreement and membership rights were not to begin until the Best Western reservation system had been activated.  However, the Membership Agreement was still effective and governing the relationship of the parties during the conditional approval period despite Plaintiff not having membership rights.

[20] Doc. 11-3 ¶ Q (emphasis added).

Membership Agreement is very much at issue based on the allegations in the Complaint, so the forum selection clause therein should govern.

Next, the Court concludes that because the forum selection clause is applicable to this dispute, the factors weigh heavily in favor of transfer under 28 U.S.C. § 1404(a).  Under 28 U.S.C. § 1404(a), the Supreme Court has announced that where there is a valid forum selection clause, as in this case, the burden is on the challenger to show that dismissal of the complaint is unwarranted, and a court may weigh only the public-interest factors in determining if the burden has been met.[21]  The public-interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; and (3) the interest in having the trial of a diversity case in a forum that is at home with the law.[22]  The public interest "factors will rarely defeat a transfer motion, [and therefore,] the practical result is that forum-selection clauses should control except in unusual cases."[23]  Where there is a forum selection clause, the plaintiff's choice of forum merits no weight.[24]

Plaintiff makes no arguments addressing the public-interest factors outlined above.[25]  If Plaintiff had properly addressed the public interest factors, the Court finds that all factors are

---

[21] *Atl. Marine Constr.*, 134 S. Ct. at 581–83.

[22] *Id.* at 581 n.6.  The private interest factors include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Id.*  The Court does not consider the private-interest factors because the Supreme Court instructs not to in the case of a valid forum-selection clause.  *Id.* at 574. Thus, Plaintiff's citation to *Verebelyi v. Nichols Cos., Inc.*, No.. 15-09456, 2016 WL 4367510 (D. Kan. Aug. 16, 2016) is misplaced because that case did not involve a forum-selection clause and the case considered both private-interest and public-interest factors.

[23] *Id.* at 582.

[24] *Id.* at 581.

[25] Plaintiff argues that it chose this forum, there are no witnesses in Arizona, and the hotel is in Kansas. However, these are private-interest factors.  Because there is a forum-selection clause, the Court does not consider these arguments.  *Id.* ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.").

either neutral or weigh in favor of transfer.  First, "when evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[26]  There is no evidence that there would be administrative difficulties with transferring this case to the United States District Court for the District of Arizona.  The most recent statistics from the twelve-month period ending in June 2016 reflect that the median time from filing to disposition of civil cases in the District of Kansas is 8.7 months; in the District of Arizona it is 6.8 months.[27]  In Kansas, the median time from filing to trial is 25.5 months, while in Arizona it is 34.2 months.  In Kansas, there are 642 pending cases and 382 weighted filings per judge.  In Arizona, there are 532 pending cases and 685 weighted filings per judge.  While the Arizona court has more weighted filings and a longer median time from filing to trial, the disposition time and pending cases are lower in Arizona.  This factor is neutral.

Second, while the hotel and many of the planning activities for the hotel are in Kansas, there is no evidence that this is merely a local issue.  The issue arises out of a membership contract with Best Western, a national corporation with hundreds of hotels around the United States.  Plaintiff acknowledged in the Membership Agreement that "the majority of Best Western's records and employees are in Phoenix, Arizona."  This factor weighs toward transfer to Arizona given Plaintiff's acknowledgement in the Membership Agreement that many of the witnesses and exhibits are located in Arizona.

---

[26]*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).

[27]See Federal Court Management Statistics, Comparison Within Circuit, *available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2016.pdf  (June 30, 2016).

Third, there is a choice of law provision requiring application of Arizona law.  Thus, this Court does not have an interest in applying Kansas law to the dispute, so this weighs toward transfer to Arizona.

Plaintiff cites a case that has refused transfer in accordance with the forum-selection clause in Best Western contracts.[28]   However, this case is not applicable given the current instruction provided by the Supreme Court in *Atlantic Marine Construction Co*.  Thus, the Court does not find this analysis persuasive, and it is not grounds for refusal to transfer.

In conclusion, Plaintiff has not met its burden to show that in light of the valid forum-selection clause, the requisite public-interest factors weigh against transfer.  There are no unusual circumstances presented that would warrant ignoring the forum selection clause, and Plaintiff's choice of Kansas as the forum merits no weight in this Court's analysis.  Thus, the Court finds that transfer is warranted by the terms of the forum-selection clause in the Membership Agreement under 28 U.S.C. § 1404(a) to the United States District Court for the District of Arizona.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss the Complaint or, in the Alternative, to Transfer Venue to the District of Arizona (Doc. 10) is **granted**.  This case shall be transferred to the United States District Court for the District of Arizona for further proceedings.

**IT IS SO ORDERED.**

---

[28] In *Rossco Holdings, Inc. v. Best Western International, Inc.* the United States District Court for the District of Southern Texas refused to transfer to Arizona based on the forum selection clause.  No. 06-0155, 2006 WL 1007474 (S.D. Tex. Apr. 18, 2006).It found that the §1404(a) factors balanced in favor of Texas, citing location of the witnesses in Texas and hardship of a small business litigating in Arizona.  *Id.* at *3.  This case is inapplicable because it is prior to *Atlantic Marine Construction Co.*, so it considered both the private and public interest factors for transfer.  The Supreme Court explicitly stated it is not proper to consider private interest factors in the case of a valid forum selection clause.  *Atl. Marine Constr.*, 134 S. Ct. at 574 ("[T]he court should not consider the parties' private interests aside from those embodied in the forum-selection clause; it may consider only public interests.").

Dated: February 10, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE